# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. CL-22-4951-G

| | |
|---|---|
| **Mario Garza VS. Advanced Healthcare Solutions d/b/a McAllen Nursing Center** | Case Type: **All Other Civil Cases (OCA)**<br>Date Filed: **12/05/2022**<br>Location: **County Court at Law #7** |

§<br>§<br>§<br>§<br>§

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Advanced Healthcare Solutions d/b/a McAllen Nursing Center** | **DEREK T. ROLLINS**<br>*Retained*<br>956-542-7441(W)<br><br>**COLIN R WOOD**<br>*Retained*<br>512-463-2080(W) |
| Plaintiff | **Garza, Mario** | **JOSE G. GONZALEZ**<br>*Retained*<br>956-731-4324(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/05/2022 | **Original Petition (OCA)**<br>*Petition* |
| 12/06/2022 | **Citation Issued**<br>*9214 8901 0661 5400 0181 4031 46* |
| 12/09/2022 | **Service Returned - Served** |
| 12/29/2022 | **Answer**<br>*Defendant's Original Answer and Defenses to Plaintiff's Original Petition* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Plaintiff** Garza, Mario | | | | |
| Total Financial Assessment | | | | 458.00 |
| Total Payments and Credits | | | | 458.00 |
| **Balance Due as of 01/03/2023** | | | | **0.00** |
| 12/05/2022 | Transaction Assessment | | | 458.00 |
| 12/05/2022 | EFile Payments from TexFile | Receipt # 2022-014999 | Garza, Mario | (321.00) |
| 12/05/2022 | State Credit | | | (137.00) |

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CAUSE NO. _____
CL-22-4951-G

| | | |
|---|---|---|
| MARIO GARZA | § | IN COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | AT LAW NO. _____ |
| | § | |
| ADVANCED HEALTHCARE | § | |
| SOLUTIONS d/b/a MCALLEN | § | |
| NURSING CENTER | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF MARIO GARZA'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, MARIO GARZA, (hereinafter referred to as Plaintiff) complaining of the ADVANCED HEALTHCARE SOLUTIONS d/b/a MCALLEN NURSING CENTER, (hereinafter referred to as the Defendant employer or Defendant company) and for such causes of action would respectfully show unto the Court and the Jury, as follows:

### I.
### Discovery Level

1.1 Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190. The damages in this case are in excess of $200,000.00 but do not exceed the jurisdictional limit of $750,000.00. This court has jurisdiction over the parties and over the controversy because the damages are within the jurisdictional limits of the court.

### II.
### Parties

2.1 Plaintiff, Mario Garza, is an individual residing in Edinburg, Texas.

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

**CL-22-4951-G**

2.2 Defendant, Advanced Healthcare Solutions d/b/a McAllen Nursing Center, is duly licensed to conduct business in the State of Texas and may be served pursuant to the Texas Rules Civil Procedure by serving its Vice President of Human Resources via Certified Mail Return Receipt Requested, as follows

**Denise Robinson**
**2121 Ave J Suite 103**
**Arlington, Texas 76006**

2.3 Service of citation is requested *via Certified Mail, Return Receipt Requested.*
III.

## **Venue and Jurisdiction**

3.1 Venue is proper in Hidalgo County, Texas in that the incident made the basis of this cause of action occurred in Hidalgo County, Texas. This court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court. This Court has the statutory power to declare rights, status and other legal relations pursuant to Tex.Civ.Prac. & Rem. Code § 37.003, whether or not further relief is or could be claimed. Plaintiff alleges that his damages are in excess of $200,000.00 but do not exceed $750,000.00.

IV.
## **Exhaustion of Administrative Remedies**

5.1 Within 300 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission alleging that the Defendant employer had committed unlawful employment practices against the Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act of 1990, as amended ("ADA-AA"),  and Title VII of the Civil Rights Act of 1964, as amended. The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows

---

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

| | |
|---|---|
| Formal Complaint Filed: | January 27th, 2022 |
| Amended filing | April 28th, 2022 |

Notice of Right to File
A Civil Action Letter Received:        September 7th, 2022

5.2 On September 7th, 2022, Plaintiff received from the Equal Employment Opportunity Commission, Plaintiff's Notice of Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff's statutory claims have been filed within ninety days of its receipt. A copy of this notice is attached as Exhibit "A" and is incorporated for all purposes by reference. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

VI.

<b><u>Factual Background</u></b>

6.1        On or about January 2nd, 2001, Plaintiff Mario Garza was hired by Advanced Healthcare Solutions d/b/a McAllen Nursing Center. During the Plaintiff's twenty-year career, he served the Defendant company with hard work, dedication and undivided loyalty. As a result of the Plaintiff's perseverance, he was earning approximately $132,000.00 plus fringe benefits as the Senior Director of Nurses. During the last 6 months of the Plaintiff's employment, he was subjected to discriminatory animus, disparate treatment, and/or a hostile work environment on account of his age (51; DOB: x/xx/1971), on account of his gender (male) and/or on account of his disability (back surgery) As a result of the Plaintiff's age, his gender and/or his injuries, the Defendant employer began to exhibit a negative attitude towards him and his injured condition.

6.2 When the Plaintiff was younger and uninjured, he was treated as a valuable member of the team. However, as the Plaintiff became older and/or infirmed, McAllen Medical Center began to treat him as if he were "damaged goods". The Plaintiff is a qualified individual with a disability,

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

who either with or without a reasonable accommodation, can perform the essential functions of his job.

6.3 During the last six months of his employment, Plaintiff was subjected to age animus, disparate treatment and/or a hostile work environment by Plaintiff's employer. Plaintiff would show that at the time of his illegal termination that he was in the protected class of age (59); that he was qualified for his job; that he was terminated and that he was replaced by a younger worker, that his termination was on account of his age, his gender, his disability, his sexual orientation and/or for engaging in protected activity or that he was treated differently than persons outside the protected class.

6.4 Throughout the last six months of the Plaintiff's employment, Plaintiff Mario Garza was routinely targeted by the RDO for Advanced Healthcare Solutions d/b/a McAllen Nursing Center, Ms. Johnny Richardson. The Plaintiff was further targeted and/or humiliated in meetings by commenting or referring to his sexual orientation. Shortly after these incidents, an employee showed the Plaintiff an explicit picture of a co-worker. The Plaintiff made a complaint to Human Resources in regards to explicit pictures and became the target of retaliation. Denise Robinson, Latron Quincy, Cathie Carrisi and Mary Pfeiffer collaborated and/or conspired to subject the Plaintiff to discriminatory acts. Thereafter, Plaintiff was called by the RDO Ms. Johnny Richardson and was asked to submit his resignation. Plaintiff was told to get the facility through re-licensure, the State survey and walk out with dignity.

6.5 Plaintiff Mario Garza refused to submit his resignation and inquired with human resources about his vacation hours. On or about March 25th, 2021, RDO Ms. Richardson called Human Resources and instructed them to change the combination code to the Plaintiff's office when he left to lunch and not let him in. About 20 minutes after this conversation with Human

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

Resources Plaintiff was informed by Human Resources Vice President, Denise Robinson, that the RDO had called for her to wait an hour and then for her and the maintenance supervisor to escort the Plaintiff out of the facility. Plaintiff Mario Garza had been a loyal employee of McAllen Medical Center. Plaintiff Mario Garza had also received positive evaluations and feedback from his supervisors and colleagues.

6.8     On or about March 25th, 2021, Plaintiff Mario Garza was illegally fired by Defendant Advanced Healthcare Solutions d/b/a McAllen Nursing Center. Additionally, Plaintiff is over the age of fifty-nine; he is qualified for his job as he had been performing it for over twenty years.

6.8 Plaintiff is a qualified individual that suffers from a disability, namely (brain tumor and Human Immunodeficiency Virus). Plaintiff's disability affects a major life activity. Plaintiff can perform the essential functions of his job, with or without a reasonable accommodation. In the alternative to the extent that Plaintiff is not disabled under the Americans with Disabilities Act, as amended, Plaintiff has been perceived and/or regarded as being disabled due to his record of impairment. When Plaintiff was younger and in better health, he was treated as a valuable member of the team. However, as  he began to get older and suffered more health issues, he was then tossed aside, illegally fired and treated as if he were "damaged goods."

6.9 Plaintiff asserts that the true reason for his unceremonious termination was because he was discriminated against on account of his age, and/or on account of his disability, on account of his gender, on account of his sexual orientation and/or for engaging in protected activity in violation of the Age Discrimination in Employment ("ADEA"), the Americans with Disabilities Act ("ADA") and/or the Americans with Disabilities Act-Amendment Act ("ADA-AA") as amended and/or Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges that there was no legitimate business justification for his termination in that the Plaintiff had always

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

performed a satisfactory, if not exemplary job, for the Defendant employer during his employment.

Plaintiff further asserts and intends to prove that the mistreatment received by Plaintiff including but not limited to, age discrimination, gender discrimination, and/or disability discrimination and/or sexual orientation discrimination among other things, was part of a pattern and practice engaged in by the Defendant employer towards the Plaintiff and others similarly situated.

VII.
**Causes of Action - Wrongful Discharge**

**A. Violations of the of the Age Discrimination in Employment Act("ADEA"), as amended, the Older Workers Benefit Protection Act ("OWBPA"), as amended, the Americans with Disabilities Act ("ADA") and/or the Americans with Disabilities Act- Amendment Act ("ADA-AA") as amended and Title VII of the Civil Rights Act of 1964, as amended.**

7.1 Plaintiff re-alleges the allegations contained in Section V, entitled *Factual Background*.

7.2 On or about March 25th, 2021, Plaintiff was unceremoniously terminated due to the culmination of discriminatory conduct directed against him by the Defendant employer. The Defendant employer discriminated against this Plaintiff and wrongfully terminated him because he exercised his statutory rights under of the Age Discrimination in Employment Act ("ADEA"), as amended, and the Older Workers Benefit Protection Act ("OWBPA"), as amended. The Plaintiff alleges that his termination was part of a larger unwritten plan or scheme of the Defendant employer to discriminate against older employees.

**Discrimination by Employer**

An employer commits an unlawful employment practice if because of race, color, *disability*, religion, *sex,* national origin, or *age*, the employer:

1. *Fails or refuses to hire* an individual, *discharges an individual, or discriminates in any other manner against the individual in connection* with *compensation or the terms, conditions, or privileges of employment*; or

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

2. ***Limits, segregates or classifies*** an employee or applicant for employment in a manner that would deprive or tend to deprive an ***individual of any employment opportunity or adversely affect in any other manner the status of the employee.***

(West 2019) (emphasis added).

### Retaliation

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency ***retaliates*** or ***discriminates*** against a person who, under this Chapter:

1. ***Opposes discriminatory practice***;

2. Makes or files a charge;

3. ***Files a complaint; or***

4. ***Testifies, assists or participates in any manner in an investigation, proceeding or hearing.***

(West 2019) (emphasis added)

7.3 As a result of the discriminatory treatment, his ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

VIII.
**<u>Actual Damages</u>**

8.1 As a result of the incident made the basis of this suit, Plaintiff Mario Garza has incurred damages in the following respects:

**A.     Lost Earnings and Special Damages**

8.2 At the time of the incident complained of, Plaintiff was gainfully employed with the Defendant corporation as a Senior Director of Nurses. As a proximate result of the wrongful acts of the Defendant employer, the Plaintiff was unable to attend to his usual occupation and thereby

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendant employer, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, loss of reputational injury, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**B.      Past and Future Mental Anguish**

8.3 As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, mental anguish, loss of enjoyment of life, pain and suffering, inconvenience and other hedonic damages. The Plaintiff has suffered feelings of anxiety, despair, depression, restlessness, worthlessness, embarrassment and/or inferiority. The Plaintiff has further suffered ill-health effects including but not limited to sleeplessness, depression, anxiety, agitation and loss of self-esteem due to the defendant's discriminatory treatment directed towards him and his wrongful termination. In all reasonable probability, the Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, mental anguish, loss of enjoyment of life, pain and suffering, inconvenience, and other hedonic damages for long into the future, if not for the balance of his natural life.

IX.
**Attorney's Fees**

9.1 By reason of the allegations of this petition and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attorneys to assist him in the prosecution of this action.

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

CL-22-4951-G

9.2 Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the Defendant employer will appeal this case.

9.3 Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate attorneys, paralegals, legal assistants and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

X.
**Exemplary Damages**

10.1 The conduct of the Defendant employer, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant Advanced Healthcare Solutions d/b/a McAllen Nursing Center's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant Advanced Healthcare Solutions d/b/a McAllen Nursing Center acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant Advanced Healthcare Solutions d/b/a McAllen Nursing Center and its management in the future. Accordingly, Plaintiff requests that

Electronically Submitted
12/5/2022 4:54 PM
Hidalgo County Clerk
Accepted by: Alejandra Lara

**CL-22-4951-G**

punitive damages be awarded against the Defendant Advanced Healthcare Solutions d/b/a McAllen Nursing Center as a result of its egregious violations of the law.

XI.
**Demand for Trial by Jury**

11.1 Plaintiff, by and through his attorney of record, and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee with the County Clerk of Hidalgo County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, Mario Garza, prays that this Honorable Court grant the following:

(1)      Judgment against the Defendant, Advanced Healthcare Solutions d/b/a McAllen Nursing Center, for all of the Plaintiff's damages. Plaintiff would respectfully request that should the jury after evaluating all of the credible evidence and after so finding liability based upon the preponderance of the credible evidence in this matter; then in such an event, and if also so found by the jury, Plaintiff would then request damages in line with the credible evidence presented that would fairly and reasonably compensate the Plaintiff for all of the harms and losses that he has sustained throughout this ordeal;

(2)      Attorney's fees;

(3)      Pre-judgment interest allowed by law;

(4)      Interest on said judgment at the legal rate from the date of judgment;

(5)      For costs of suit herein; and

**CL-22-4951-G**

(6)     For such other and further relief, at law or in equity, to which the Plaintiff may show himself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

**LAW OFFICES OF
JOSE G. GONZALEZ**

4129 N. 22nd Street, Suite 8

McAllen, Texas 78504
Telephone:(956) 731-4324
Facsimile: (956) 731-4327

By:*/s/Carlos E. Hernandez Jr.*
Carlos E. Hernandez, Jr., Of Counsel
State Bar No. 00787681
Attorneys for Plaintiff Mario Garza

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jose Gonzalez on behalf of Jose Gonzalez
Bar No. 24053234
jgglaw@gmail.com
Envelope ID: 70716716
Status as of 12/5/2022 5:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos EHernandez | | carlos.hernandezjr@gmail.com | 12/5/2022 4:54:35 PM | SENT |
| Joe DanielRodriguez | | joedaniel.jgglaw@gmail.com | 12/5/2022 4:54:35 PM | SENT |

CL-22-4951-G

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website:  www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

Mario Garza
615 S. Ebony St
Pharr, TX 78577

Re:     Mario Garza vs McAllen Nursing Home
        EEOC Charge Number:  451-2022-00985

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed
Dismissal and Notice of Rights (Notice) in the above referenced charge on the date reflected
thereon.  Specifically, on the date, EEOC sent you an email notification that EEOC had made a
decision regarding the above-referenced charge and advised you to download a copy of the
decision document from the Portal.  Our records indicate you have not downloaded the Notice
from the Portal.  For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party
must file a lawsuit within 90 days of the date they receive the Notice.  The 90-day period for
filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

I hope this information is helpful.  If you have questions, please contact Beverly Collins, CRTI
Supervisor by telephone at 210-640-7571 or email at sanantonio.intake@eeoc.gov.

                                 Sincerely,

_August 30, 2022_
Date                             B.L. Collins, Supervisory Investigator
                                 CRTIU

Carlos E Hernandez                          **RECEIVED SEP 0 7 REC'D**
Law Office of Jose G. Gonzalez
4129 N. 22nd St. Suite 3
McAllen, TX 78504

CL-22-4951-G

EEOC Form 161-B (01/2022)

# U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

| | |
|---|---|
| To:   **Mario Garza**<br>**615 S. Ebony St**<br>**Pharr, TX 78577** | From:   **San Antonio Field Office**<br>**5410 Fredericksburg Road, Suite 200**<br>**San Antonio, TX 78229** |

| EEOC Charge No.<br>**451-2022-00985** | EEOC Representative<br>**Lydia DeSantiago,**<br>**lydia.desantiago@eeoc.gov** | Telephone No.<br>**Investigator** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> More than 180 days have passed since the filing of this charge.

> The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

ARLENE WILLIAMS-TILLMAN   Digitally signed by ARLENE WILLIAMS-TILLMAN
Date: 2022.08.19 11:11:06 -05'00'

for ————————————————————————

Enclosures(s)

**Norma Guzman**
**Field Director**

cc:   Denise A Robinson
      McAllen Nursing
      2121 Avenue J Suite 103
      Arlington, TX 76006
      drobinson@ahsllc.biz

      Carlos E Hernandez
      Law Office of Jose G. Gonzalez
      4129 N. 22nd St. Suite 3
      Mcallen, TX 78504
      Jgglaw@gmail.com

RECEIVED SEP 0 7 REC'D

Enclosure with EEOC
Form 161-B (01/2022)

**CL-22-4951-G**

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10 – *not* 12/1/10</u> -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

    *IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**UNITED STATES POSTAL SERVICE**

December 10, 2022

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0181 4031 46**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | December 9, 2022, 10:01 am |
| **Location:** | ARLINGTON, TX 76006 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | ADVANCED HEALTHCARE SOLUTIONS D B A MCALLEN NURS |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



RECEIVED
12/09/2022
Hidalgo County Clerk's Office

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 921489010661540001814031466
CL-22-4951-G
ADVANCED HEALTHCARE SOLUTIONS D/B/A MCALLEN NURSING CENTER
SERVED THROUGH IT'S VICE PRESIDENT OF H.R.: DENISE ROBINSON
2121 Avenue J Ste 103
Arlington, TX  76006-5887

## CERTIFICATE OF RETURN

### TRCP 107

This is to certify that on this the **6th day of December, 2022**, I, Carlos Guerra, Deputy Clerk of the County Court At Law #7 of Hidalgo County, Texas mailed to **Advanced Healthcare Solutions D/b/a Mcallen Nursing Center,** Defendant, in Cause No. **CL-22-4951-G,**

**Mario Garza**

**Vs.**

**Advanced Healthcare Solutions D/b/a Mcallen Nursing Center**

a copy of Original Petition, by certified mail, return receipt requested. Return receipt was received **on this the 9th day of December, 2022, CLAIMED/92148901066154000181403146.** See attached return.

**GIVEN UNDER HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 13th day of December, 2022

**Arturo Guajardo, Jr., Hidalgo County Clerk**
**Hidalgo County, Texas**

**Carlos Guerra, Deputy Clerk**

Electronically Submitted
12/29/2022 1:37 PM
Hidalgo County Clerk
Accepted by: Carlos Guerra

**CAUSE NO. CL-22-4951-G**

| | | |
|---|---|---|
| **MARIO GARZA** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | **AT LAW NO. 7** |
| **v.** | § | |
| | § | |
| **ADVANCED HEALTHCARE** | § | **HIDALGO COUNTY, TEXAS** |
| **SOLUTIONS d/b/a MCALLEN** | § | |
| **NURSING CENTER** | § | |
| | | |
| **Defendant.** | | |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant McAllen SNF LLC d/b/a McAllen Nursing Center ("Defendant," incorrectly named as "Advanced Healthcare Solutions d/b/a McAllen Nursing Center) files this Original Answer and Defenses to the Original Petition filed by Plaintiff MARIO GARZA ("Plaintiff"), as follows:

### I.    GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, and demands strict proof thereof. With respect to any claim by Plaintiff for punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

### II.    DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses, including affirmative defenses, as follows:

1.    Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

---

Electronically Submitted
12/29/2022 1:37 PM
Hidalgo County Clerk
Accepted by: Carlos Guerra

2.      Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

3.      Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

4.      Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5.      All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

6.      Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

7.      Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

8.      Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES**                                    PAGE 2

Electronically Submitted
12/29/2022 1:37 PM
Hidalgo County Clerk
Accepted by: Carlos Guerra

exemplary damages.

9.     With respect to some or all of Plaintiff's claims, the Petition fails to state a claim upon which relief may be granted.

10.     At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

12.     Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC.

13.     As a result of Plaintiff's unreasonable delay in asserting Plaintiff's rights, Defendant has suffered a good faith change of position to Defendant's detriment. Therefore, whatever right Plaintiff might otherwise have had to bring a timely action against Defendant is barred by laches.

14.     Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA) or the Texas Labor Code during the relevant time period.

15.     Plaintiff's Petition fails to state a cause of action upon which relief may be granted because Plaintiff failed to notify Defendant of the existence of a disability as that term is defined in the ADA or Texas Labor Code.

16.     Plaintiff did not engage in the requisite protected conduct necessary to establish a retaliation claim.

17.     If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course

Electronically Submitted
12/29/2022 1:37 PM
Hidalgo County Clerk
Accepted by: Carlos Guerra

and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

18.     Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

19.     Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

20.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

21.     Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

### III.     PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice and that Defendant be awarded Defendant's costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Electronically Submitted
12/29/2022 1:37 PM
Hidalgo County Clerk
Accepted by: Carlos Guerra

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

/s/*Derek Rollins*

Derek T. Rollins
Texas Bar No. 24058079
*Derek.Rollins@ogletree.com*
Colin Wood
Texas Bar No. 24113466
*Colin.Wood@ogletree.com*
301 Congress Avenue, Suite 1150
Austin, TX 78701
Telephone: (512) 344-4700
Fax: (512) 344-4701

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this paper has been forwarded by a method prescribed by the Texas Rules of Civil Procedure, on this 29th day of December, 2022 to:

Carlos E. Hernandez Jr.
LAW OFFICES OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 8
McAllen, Texas 78504
*Attorneys for Plaintiff*

/s/*Derek T. Rollins*
Derek T. Rollins

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

chelsea goodman on behalf of Brian Aslin
Bar No. 24106850
chelsea.goodman@ogletreedeakins.com
Envelope ID: 71360963
Status as of 12/29/2022 2:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos EHernandez | | carlos.hernandezjr@gmail.com | 12/29/2022 1:37:58 PM | SENT |
| Joe DanielRodriguez | | joedaniel.jgglaw@gmail.com | 12/29/2022 1:37:58 PM | SENT |

Carlos E. Hernandez Jr.
LAW OFFICES OF JOSE G. GONZALEZ
4129 N. 22nd Street, Suite 8
McAllen, Texas 78504
Telephone: (956) 731-4324
Attorneys for Plaintiff

Derek T. Rollins
Colin.Wood
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150 Austin, TX 78701
Telephone: (512) 344-4700
Fax: (512) 344-4701
ATTORNEYS FOR DEFENDANT